**2016 UT App 208**

## THE UTAH COURT OF APPEALS

IN THE INTEREST OF B.C.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

C.S.,
Appellant,
*v.*
R.C.,
Appellee.

Per Curiam Decision
No. 20160604-CA
Filed October 6, 2016

Fourth District Juvenile Court, American Fork Department
The Honorable Suchada P. Bazzelle
No. 1102849

C.S., Appellant Pro Se

Ronald D. Wilkinson and Marianne P. Card,
Attorneys for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN, KATE A. TOOMEY, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1     C.S. (Mother) appeals the order terminating her parental rights in B.C. We affirm.

¶2     "Whether a parent's rights should be terminated presents a mixed question of law and fact." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. "Because of the factually intense nature of such an inquiry, the juvenile court's decision should be afforded a high degree of deference." *Id.* "Thus, in order to overturn the juvenile court's decision '[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite

conviction that a mistake has been made.'" *Id.* (alteration in original) (citation and internal quotation marks omitted). Further, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.* "We grant such deference to the juvenile court's findings because of its superior position to judge parties' and witnesses' credibility and personalities and because of juvenile court judges' special training, experience, and interest in this field. . . ." *In re T.M.*, 2006 UT App 435, ¶ 14, 147 P.3d 529 (citations and internal quotation marks omitted).

¶3    Under Utah Code section 78A-6-507, the finding of a single ground will support termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). The juvenile court found several grounds to support termination of Mother's parental rights. The juvenile court concluded that Mother abandoned B.C., *see id.* § 78A-6-507(1)(a); neglected B.C., *see id.* § 78A-6-507(1)(b); was an unfit or incompetent parent, *see id.* § 78A-6-507(1)(c); and made only token efforts to support or communicate with B.C., *see id.* § 78A-6-507(1)(f). After finding grounds for termination, the court concluded it was in the child's best interest that Mother's parental rights be terminated. *See id.* § 78A-6-503(12) (LexisNexis Supp. 2016).

¶4    Mother raises two claims in her petition on appeal. First, she claims that the juvenile court erred in failing to allow her to admit evidence, including her exhibit book. Second, she claims that the juvenile court erred in stating that she abandoned B.C. We construe the latter claim as a challenge to the sufficiency of the evidence to support the ground of abandonment.

¶5    The record does not support Mother's claim that "[her] evidence was not allowed nor [her] evidence book." Mother was represented by counsel at trial who cross-examined Father's witnesses and also presented the testimony of eleven witnesses during Mother's case. The juvenile court properly excluded

some testimony and evidence during Mother's case as cumulative of evidence and testimony that had already been received by the court. The juvenile court also excluded some exhibits that were not produced in pretrial disclosures in this case. However, counsel for the parties reached a stipulation regarding the admission of the majority of Mother's exhibits. Following that stipulation and admission of exhibits, Mother did not preserve any objection to failure to admit any additional evidence. *See State v. McNeil*, 2013 UT App 134, ¶ 23, 302 P.3d 844 ("A claim is not preserved for appeal if a party initially objects but later . . . abandons the objection and stipulates to the court's intended action.")). Accordingly, Mother has not preserved any claim on appeal regarding the refusal to admit evidence.

¶6    We construe Mother's second claim as a challenge to the juvenile court's determination that Mother abandoned B.C. "Utah law requires a court to make two distinct findings before terminating a parent-child relationship." *In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. "First, the court must find that the parent is below some minimum threshold of fitness, such as a finding that a parent is unfit or incompetent based on any of the grounds for termination" in section 78A-6-507. *Id.* (citation and internal quotation marks omitted). "Second, the court must find that the best interests and welfare of the child are served by terminating the parent's parental rights." *Id.* On appeal, Mother claims that the juvenile court erred in finding that she abandoned B.C. However, Mother has not challenged any of the remaining grounds relied upon by the juvenile court in its decision. Any of those unchallenged grounds is sufficient to support the juvenile court's determination that there were grounds for the termination of parental rights. *See* Utah Code Ann. § 78A-6-507. Because Mother does not challenge the grounds of neglect, unfitness, or token efforts, this court need not review her claim that the evidence was insufficient to

support the grounds of abandonment. Mother also does not challenge the best interest finding.

¶7    Furthermore, the juvenile court's findings and conclusions regarding Mother's abandonment of B.C. are supported by the evidence. Mother had B.C. in her care for approximately the first year of his life before placing him with her cousin and his wife, who believed that Mother would allow them to adopt B.C. After roughly eighteen months, Mother removed B.C. from her cousins' care and placed him in the care of Mother's grandparents. The juvenile court found that Mother did not manifest a firm intention to resume physical custody of B.C. *See id.* Utah Code Ann. § 78A-6-508(1)(a). The juvenile court further found, "Although it appears that she did have some sporadic contact with [B.C.] during his placements with others, they were in the nature of token efforts and were wholly insufficient to maintain a parent-child bond with such a young child." In addition, despite receiving child support for B.C. from Father through the Office of Recovery Services, Mother kept that money rather than providing it to B.C.'s caregivers. Mother also failed to obtain appropriate medical care for B.C. Based upon the foregoing, the juvenile court appropriately applied the test for determining abandonment, finding that Mother's conscious disregard of her parental obligations toward B.C. led to the destruction of any parent-child relationship. *See In re R.A.F.*, 863 P.2d 1331, 1334 (Utah Ct. App. 1993).

¶8    Because "a foundation for the court's decision exists in the evidence," and because the record does not support Mother's claims, we affirm the juvenile court's order terminating Mother's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

---